UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------
UNITED STATES OF AMERICA,

                                                   03 Cr 0133 (SJ)

        -against-


AREF ELFGEEH,

                        Defendant.

----------------------------------


# SUGGESTED JURY INSTRUCTIONS ON BEHALF OF DEFENDANT AREF ELFGEEH


ARTHUR S. FRIEDMAN
Attorney for Defendant Aref Elfgeeh
275 Madison Avenue, Suite 1000
New York, New York  10016
(212) 986-1144

**The Indictment**

First, the summary of the indictment.  The indictment contains five counts, or separate charges or offenses.

Count One, in sum, charges the defendant ABAD ELFGEEH with conspiring to conduct an illegal money transmitting business between January 1995 and October 2001.

Count Two charges the defendant ABAD ELFGEEH with the substantive crime of conducting an illegal money transmitting business between January 1995 and October 2001.

Count Three charges the defendants ABAD ELFGEEH and AREF ELFGEEH with conspiring to conduct an illegal money transmitting business between November 2001 and January 2003.

Count Four charges the defendants ABAD ELFGEEH and AREF ELFGEEH with the substantive crime of conducting an illegal money transmitting business between November 2001 and January 2003.

Count Five charges the defendant ABAD ELFGEEH with structuring transactions with domestic financial institutions by breaking amounts of currency in excess of $10,000 into amounts of less than $10,000 and depositing the smaller amounts of currency into accounts in financial institutions.

I have summarized the counts in the indictment simply to give you an overview of the charges.  In your deliberations as to each count you should refer to the exact text of the indictment.

## PROHIBITION OF UNLICENSED MONEY TRANSMITTING BUSINESSES

The government alleges that the defendants violated section 1960 of Title 18. As pertinent to these charges, that section prohibits:

(a) Whoever knowingly conducts, controls, manages, supervises, directs, or owns all or part of an unlicensed money transmitting business,...

(b) As used in this section--

(1) the term "unlicensed money transmitting business" means a money transmitting business which affects interstate or foreign commerce in any manner or degree and–

(A) is operated without an appropriate money transmitting license in a State where such operation is punishable as a misdemeanor or a felony under State law, whether or not the defendant knew that the operation was required to be licensed or that the operation was so punishable;...

(2) the term "money transmitting" includes transferring funds on behalf of the public by any and all means including but not limited to transfers within this country or to locations abroad by wire, check, draft, facsimile, or courier; and

(3) the term "State" means any State of the United States, the District of Columbia, the Northern Mariana Islands, and any commonwealth, territory, or possession of the United States.

One of the facts you must find the government has proven beyond a reasonable doubt is that the defendants "conduct[ed], control[led], manage[d], supervise[d], direct[ed], or own[ed]" a money transmitting business.

In this regard, a "business" is defined as an activity which an individual engages in for the primary purpose of income or profit and "is pursued full time, in good faith, and with regularity, to the production of income for a livelihood." *See,* *C.I.R. v. Groetzinger,* 480 U.S. 23, 35 (1987). The fact that an activity produces income is therefore not determinative of whether that activity qualifies as a business. To make the determination of whether the activity at issue here is a business, you must examine the totality of the facts proven by the government. *Id.*

1

The government must also prove beyond a reasonable doubt that the defendant knew that the business was unlicensed. A person acts knowingly if he acts intentionally and voluntarily, and not because of ignorance, mistake, accident or carelessness. Whether the defendant acted knowingly may be proven by the defendant's conduct and by all of the facts and circumstances surrounding the case.

Thus, in addition to the other elements, in order to convict a defendant of violating section 1960, the government must have proven beyond a reasonable doubt (a) the defendant knowingly 'conduct[ed], control[led], manage[d], supervise[d], direct[ed], or own[ed]' (b) an unlicensed money transmitting business, (c) with knowledge that such business was unlicensed. If the government has failed to prove any one of those elements you must acquit the defendant.

2

## CONSPIRACY

In order to prove a conspiracy, the Government has to prove beyond a reasonable doubt "an agreement, either explicit or implicit to commit an unlawful act, combining with the intent to commit the underlying offense. The gist of this offense is the agreement, and it is therefore essential to determine if a defendant shared the same agreement with the other defendant. The Government must show the alleged conspirators shared a "unity of purpose" the intent to achieve a common unlawful goal and an agreement to work together toward that unlawful goal.

In this regard, the Government must prove beyond a reasonable doubt that Aref Elfgeeh had knowledge that the alleged money transmitting business was unlicensed. Not only must the Government prove this knowledge element, they must also establish beyond a reasonable doubt Aref Elfgeeh's intent to participate in this conspiracy. The Government must establish that Aref Elfgeeh entered the conspiracy with the specific intent to achieve its illicit purpose, and mere knowledge of shadowy dealings is insufficient to infer that a defendant was part of the conspiracy. Did Aref Elfgeeh agree with anyone else to operate, manage, etc. an unlicensed money transmitting business?  *U.S. v. Borelli*, 336 F.2d 376 (2d Cir. 1964).

The requisite elements the Government must show in a conspiracy case, is that the alleged conspirators shared a unity of purpose, the intent to achieve a common goal, and an agreement to work together toward that goal.

Here, the Government alleges that the goal was to "conduct, control, manage, supervise, direct and own" an unlicensed money transmitting business. Thus, the Government must prove beyond a reasonable doubt that Aref Elfgeeh had the specific intent to aid in the commission of that goal, knowing that the business was unlicensed, and that he knowingly and willfully became a member of the alleged conspiracy. *See, United States v. Trujillo*, 146 F.3d 838, 846 (CA11, 1998).

3

## AIDING AND ABETTING

A person may be found guilty of unlawful money transmitting if he personally did not do every act constituting the offense charged, if he aided and abetted the commission of unlawful money transmitting. In order to have aided and abetted the commission of a crime a person must (1) have known unlawful money transmitting was being committed or going to be committed; and (2) have knowingly acted in some way for the purpose of aiding the commission of unlawful money transmitting, (3) with the intention to aid the unlawful money transmitting, and (4) with knowledge that the money transmitting business was not licensed.

For you to find the defendant guilty of unlawful money transmitting by reason of aiding and abetting, the government must prove beyond a reasonable doubt that all of the essential elements of unlawful money transmitting were committed by some person or persons and that the defendant intentionally and knowingly aided and abetted the commission of that crime knowing that the money transmitting business was unlicensed.

In order to aid or abet another to commit a crime, it is necessary that the defendant willfully and knowingly participate or associate himself in some way with the crime, and that he willfully and knowingly seek by some act to help make the crime succeed.

Participation in a crime is willful if action is taken voluntarily or intentionally, that is to say, with a bad purpose either to disobey or disregard the law.

The mere presence of a defendant, where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or the mere acquiescence by a defendant in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting.

An aider and abettor must have some interest in the criminal venture, and his participation in, or association with the crime, must occur before or at the time of the criminal act.

It is not enough that the defendant merely associated with the person committing the crime, or unwittingly or unintentionally did things that were helpful to that person. *Ninth Circuit Model Criminal Instructions,* ¶5.1.

4

## INDICTMENT NOT EVIDENCE

The indictment itself is not evidence. It merely describes the charges made against the defendants. It is an accusation. You may not consider it as any evidence against the defendants.

In deciding whether or not the government has proven each defendant's guilt beyond a reasonable doubt, you may consider only the evidence introduced or lack of evidence.

Adapted from Sand, Modern Federal Jury Instructions, ¶ 3-1.

5

## CONSIDER EACH DEFENDANT SEPARATELY

The indictment names two defendants who are on trial together. In reaching a verdict, however, you must bear in mind that guilt is individual. Your verdict as to each defendant must be determined separately with respect to him, solely on the evidence, or lack of evidence, presented against him without regard to the guilt or innocence of anyone else.

Each defendant is entitled to have the case against him decided solely on the evidence and the law which applies to him.

In addition, some of the evidence in this case was limited to one defendant. Let me emphasize that any evidence admitted solely against one defendant may be considered only as against that defendant and may not in any respect renter into your deliberations against the other defendant.

Sand, ¶ 3-5.

6

## INDICTMENT NOT EVIDENCE

The indictment is the means by which the government notifies the defendant of the charges against him and brings him before the Court. It is only an accusation and nothing more. It is not evidence, and you are to give it no weight in reaching your verdict.

Each defendant has pleaded innocent to that indictment. Because each defendant has pleaded innocent, the burden is on the prosecution to prove guilt beyond a reasonable doubt. This burden always remains with the government and never shifts to any defendant for the simple reason that the law never imposes upon a criminal defendant the burden or duty of calling any witness, proving his innocence or producing any evidence at all.

The law presumes each defendant innocent of all charges against him. I therefore instruct you that you must presume each defendant innocent throughout your deliberations until such time, if ever, you as a jury are unanimously satisfied that the government has proven guilt beyond a reasonable doubt.

Each defendant begins the trial with a clean slate. This presumption of innocence alone is sufficient to acquit unless you are unanimously convinced beyond a reasonable doubt of a particular defendant's guilt after a careful and impartial consideration of all the evidence against him. If the government fails to sustain its burden, you must acquit the defendant you are considering.

This innocence presumption was with each defendant when the trial began and remains with him even now as I speak and will continue into your deliberations unless and until you are convinced that the government has proven guilt beyond a reasonable doubt.

Adapted from Sand, ¶ 4-1.

7

## REASONABLE DOUBT

I have said that the government must prove each defendant's guilt beyond a reasonable doubt. The question naturally is what is a reasonable doubt? The words almost define themselves. It is a doubt based upon reason and common sense. It is a doubt that a reasonable person has after carefully weighing all the evidence. It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his own affairs.

In a criminal case, the burden is at all times upon the government to prove guilt beyond a reasonable doubt. This burden never shifts to the defendant, which means that it is always the government's burden to prove each element of every crime charged beyond a reasonable doubt.

If, after a fair and impartial consideration of all the evidence, you have a reasonable doubt – one that would cause you to hesitate in important matters in your own lives – you must acquit the defendant you are considering.

On the other hand, if after fair and impartial consideration of all the evidence, you can honestly say that you have such an abiding belief in the defendant's guilt that you would be willing to act upon a similar strong conviction in important matters in your own lives, then you have no reasonable doubt and you may vote to convict.

Adapted from Sand, ¶4-2.

8

## NUMBER OF WITNESSES AND UNCONTRADICTED TESTIMONY

As I said before, a criminal defendant need not call any witness, prove his innocence or produce any evidence at all. Nonetheless, the fact that the government has called more witnesses and introduced more evidence than the defendants does not mean that you should find the facts in favor of the government.

You need not accept the testimony of any witness simply because he has not been contradicted or impeached, if you find the witness not to be credible or worthy of belief, either in whole or in part. You also must decide which witnesses to believe and which allegations are true. To do this you must look at all the evidence, drawing upon your own common sense and personal experience. After examining all the evidence, you may decide that the party calling the most witnesses – here the government – has not persuaded you.

I will soon discuss the criteria for evaluating credibility; for now, though, you should keep in mind that the government always has the burden of proof beyond a reasonable doubt and no defendant is required to call any witnesses or offer any evidence, since all defendants are presumed innocent.

Adapted from Sand, ¶4-3.

## CHARTS AND SUMMARIES

The government has presented charts and summaries. These items are not evidence, but were shown to aid you in considering the evidence. Therefore, they are no better than the testimony or documents upon which they are based, and you should give them no greater consideration than the underlying evidence.

It is for you to decide whether the charts and summaries accurately present the information and evidence on which they were based. You may consider these items if you find them helpful in analyzing the testimony and understanding the evidence.

Sand, ¶5-13.

10

## MERE PRESENCE

You may not infer that a defendant is guilty of participating in criminal conduct merely from the fact that he was present at the time a crime was being committed even with knowledge that it was being committed.


Adapted from Sand, ¶6-3

11

## **MERE ASSOCIATION**

You may not infer that a defendant was guilty of participating in criminal conduct merely from the fact that he associated with others who were guilty of wrongdoing, even if he had knowledge that such other person was committing a wrongful act.


Adapted from Sand, ¶6-4.

12

## CREDIBILITY - GENERALLY

You have had an opportunity to observe all of the witnesses. It is now you responsibility to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness, the accuracy and importance of his or her testimony.

It must be clear to you that are being called upon to resolve various factual issues. You will now have to decide where the truth lies, and an important part of that decision will involve making judgments about the testimony of the witnesses you have listened to and observed. In making these judgments, you should carefully scrutinize all of the testimony each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you to decide the truth and importance, and accuracy of each witness' testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you. Was the witness candid, frank, forthright? Or, did the witness seem as if he or she was hiding something, being evasive, had difficulty recalling the events in question, or was there some other factor which cast doubt upon the accuracy of his or her testimony.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified and any other matter in evidence that may indicate whether a witness is worthy of belief and whether that testimony was accurate. Consider each witness' bias, prejudice, hostility, interest and partisanship in the prosecution or defense of the case and his or her demeanor while on the stand.

Specifically, how much you choose to believe or disbelieve a witness may be influenced by the witness' bias. Does the witness have a relationship with the government or the defendant that may affect how he or she testified? Does the witness have some incentive, loyalty or motive that might cause him or her to shade the truth? Or does the witness have some bias, prejudice or hostility that may have caused him — consciously or not — to give something other than a completely accurate account of the facts he testified to?

Even if the witness was impartial, you should consider whether the witness had an opportunity to observe the facts he or she testified about, or whether there was some factor which affected the witness' accuracy. Ask yourself whether the witness' recollection of the facts stands up in light of all the other evidence.

Adapted from Sand, ¶7-1.

13

## PREPARATION BY GOVERNMENT

In this regard, I instruct you that the amount of time a witness spent with prosecutors and FBI agents may be relevant to your assessment of the witness' credibility.

14

## IMPEACHMENT BY PRIOR INCONSISTENT STATEMENT

As you have seen, the testimony of a witness may be discredited or impeached by showing that he previously made statements that are inconsistent with his present testimony. It is your province to determine the credibility, if any, to be given the testimony of a witness who has been impeached. If you find that a witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his testimony, if any, to believe.

Adopted from Sand, ¶7-19.

15

## LAW ENFORCEMENT WITNESSES

In this case you have heard testimony of FBI agents and other law enforcement officers. You should evaluate these witnesses' testimony in the same manner as the testimony of any other witness. The testimony of FBI agents or other government employees deserves no more credence than that of any other person.

By the same token, defense counsel may legitimately attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to reject or accept the testimony of a law enforcement witness and to give it such weight, if any, as you find it deserves.

Adapted from Sand, ¶7-16.

16

## HANDWRITING EXPERTS

Some of the evidence you have heard involves a factual issue about whether handwriting in question is that of the defendant. There has been testimony of a witness who claims special qualification in the filed of handwriting analysis and he was allowed to express his opinion on that issue.

The expert witness was allowed to express his opinion in order to help you decide whether it is the defendant's handwriting. You may therefore consider the expert's opinion in reaching your independent decision on that issue.

In weighing the expert testimony, you may consider the expert's qualifications and opinions and his reasons for testifying, in addition to all of the other considerations that apply to ordinary witnesses whose credibility and accuracy you must determine. You may give the expert testimony such weight, if any, as you find it deserves in light of all the evidence. You should not permit the experts's testimony to be a substitute for applying your own reasons, judgment and common sense. You may accept or reject it in whole or in part, as you believe best. The determination of the facts in this case rests solely with you.

Adapted from Sand, ¶7-22.

17