UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------X
UNITED STATES OF AMERICA,

                                                          03 CR 133 (SJ)

                    v.

                                                          ORDER DENYING
                                                          EARLY TERMINATION
                                                          OF SUPERVISION

ABAD ELFGEEH,

                    Defendant.
------------------------------------------------X

A P P E A R A N C E S
MARK J. LESKO
United States Attorney, EDNY
271 Cadman Plaza East
Brooklyn, New York 11201
By: Emily J. Dean
*Attorney for the United States*

ABAD ELFGEEH, *PRO SE*
473 5th Avenue
Apartment 3
Brooklyn, New York 11215

**JOHNSON, Senior District Judge:**

On September 21, 2005, Defendant Abad Elfgeeh ("Defendant" or

"Elfgeeh") was convicted by jury of all counts of a five-count superseding

1

indictment. (Dkt. No. 161).[1] Defendant was convicted in connection to his operation of an unlicensed money transmitting business from 1995 to 2003. Defendant would transmit money from a sender to a designated recipient for a percentage of the money transmitted. As the leader of the operation, Elfgeeh structured monetary transactions, endorsed checks for deposit and oversaw wire transfers. Defendant scheme was complex. In furtherance of the scheme, Elfgeeh used twelve feeder accounts to facilitate the structuring of deposits into the defendant's JP Morgan Chase for overseas transfers, and employed seven family members located in Yemen.

As part of its investigation into Defendant, the government discovered that Elfgeeh transmitted money to Sheik Mohammed Al-Moayad, a Yemeni cleric who was a major financial backer of Al Qaeda and Osama Bin Laden. The investigation showed that Elfgeeh transmitted money to Al-Moayad prior to September 11, 2001.[2]

---

[1]The procedural history of this case is complex. To briefly recount, Defendant originally pleaded guilty to a four-count indictment in front of Magistrate Judge Marilyn D. Go. (Dkt. No. 58). The indictment charged Defendant with violations of Title 18, United States Code Sections 371 and 1960(a) (conspiring with others to manage an unlicensed money transmitting business and managing an illegal money transmitting business from 1995 until 2003). (Dkt. No. 58).

[2] The government informed the Court that it could not prove by a preponderance of evidence that Elfgeeh knew that the funds he transmitted were being used to promote unlawful terrorist-related activities.

On February 3, 2006, the Court sentenced Elfgeeh to 188 months in custody and three years supervised release. Defendant completed his term of incarceration without incident and began his supervised release on May 3, 2019. To date, Elfgeeh has not been found in violation of the terms of his supervised release. His supervision expires on May 2, 2022.

On January 1, 2021, Elfgeeh moved the Court to terminate his supervision, citing his compliance with the terms of supervised release for the past year and eleven months, his stable home life, and his successful reintegration into his community. Defendant also states that he believed his Probation Officer, Michael Imrek, would support Defendant's motions. (Dkt. No. 283).

On February 13, 2021, the Court directed the government to respond to the motion by February 26, 2021. On February 23, 2021, the government responded in opposition to Defendant's motion. It argued that Elfgeeh had not demonstrated more than mere compliance with the terms of his supervised release and that the COVID-19 pandemic has limited meaningful supervision for the past year. The government was also troubled by the fact that Defendant had misrepresented the position of his probation officer. According to the government, Officer Imrek never indicated that he would support Elfegeeh's application. In fact, Officer Imrek believes that Defendant requires continued

supervision due to the nature and seriousness of Defendant's crimes. (Dkt. No. 285 at 2).

The parties agree that 18 U.S.C. § 3583(e) permits the discharge of Defendant's period of supervised release and that Defendant's post-release conduct to-date is respectable and compliant.  Elfgeeh, has not, as the Second Circuit requires, offered other justification for terminating his period of supervised release, however. *See United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997) ("Occasionally, changed circumstances -- for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release -- will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a).").

The Court has reviewed the parties' submissions and finds that Defendant has failed to identify grounds for terminating his three-year term of supervision.  Mere compliance with the terms of supervised release is insufficient to warrant termination. *See, e.g.*, *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005) (finding that an unblemished prison record, compliance with the terms of supervised release, and successful reintegration into society while "commendable" do not constitute the "exceptional

4

behavior"). Here, Elfgeeh only states that he has done "everything that was asked of him." Therefore, he has not demonstrated a sufficient change in circumstances to offset the Court's previous balancing of the factors set forth in Section 3553(a). Based on the lack of demonstrated changed circumstances and Defendant's troubling lack of candor, the Court DENIES defendant's motion for early termination of supervised release.

SO ORDERED.

Dated: April 26, 2021
Brooklyn, New York

signed Sterling Johnson, Jr., U.S.D.J.

Sterling Johnson, Jr., U.S.D.J.

5